**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>**Hutton Construction, Inc.**</u>

   v.     Case No. 21-cv-706-PB
                  Opinion No. 2021 DNH 167

<u>**Continental Western**</u>
<u>**Insurance Company**</u>

## ORDER

Hutton Construction, Inc. ("Hutton") alleges in an amended complaint that Frederick A. Meyer III & Sons, Inc. ("Meyer") performed defective masonry work for Hutton. Meyer was insured at the time by Continental Western Insurance Company ("Continental"). Hutton brought the current action against Continental after settling with Meyer and obtaining an assignment of its rights under the Continental policy. Continental later removed the case to this court and invokes the court's diversity jurisdiction. Hutton and Meyer are New Hampshire companies and Continental is a citizen of Iowa.

Hutton has filed a motion to remand based on 28 U.S.C. § 1332(c)(1)(A), which provides in pertinent part that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured shall be deemed a citizen." Hutton contends that the

case must be remanded under this provision because its claim is a "direct action" against Continental and, therefore, Continental must be deemed to be a citizen of New Hampshire where its insured is based.  Because Hutton is also a citizen of New Hampshire, its thinking goes, diversity is lacking and the case must be remanded to state court.

I agree with Continental that Hutton's motion must be denied.  Hutton is asserting rights against Continental that it acquired by assignment from Meyer.  Thus, the case is not a "direct action" against Continental within the meaning of the diversity statute.  See, e.g., Gateway Residences at Exch., LLC v. Ill. Union Ins. Co., 917 F.3d 269, 273 (4th Cir. 2019); Hyland v. Liberty Mut. Fire Ins. Co., 885 F.3d 482, 485 (7th Cir. 2018); Kong v. Allied Prof'l Ins. Co., 750 F.3d 1295, 1299-1301 (11th Cir. 2014).  Because Hutton and Continental are citizens of different states and the amount in controversy exceeds $75,000, the court has diversity jurisdiction over the case.

Hutton's motion to remand (Doc. No. 7) is denied.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

October 20, 2021

cc:   James C. Wheat, Esq.
      Michael G. Eaton, Esq.
      Doreen F. Connor, Esq.